ELLEN WEAVER *v.* A. E. NORWOOD et al.

**Bill in Chancery — Equitable and Legal Rights.**
     Where equities are equal a legal right will prevail.[1]

**Bill in Chancery by Appellant, Mrs. Weaver, against Appellees.**
     From a decree dismissing her bill complainant appeals. Affirmed.

The opinion of the court contains a statement of the facts.

APPEALED from Chancery Court, Clay county, S. EVANS, Chancellor, sitting by interchange with Hon. F. A. Critz, who was incompetent by reason of having been of counsel in said cause.

Affirmed, June 1, 1885.

*Attorneys for appellant, Houston & Reynolds.*

*Attorneys for appellee, Fred & F. M. Beall, and R. Davis.*

Brief of Houston & Reynolds:

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

It is held by the chancellor that the purchase by DeVan and the conveyance to Mrs. Weaver are evidence of the fraudulent scheme on the part of Weaver to get possession of the land.

We concede that these facts show that Weaver or his wife was in fact the purchaser at the sale, and that for the administrator to purchase directly or indirectly is a fraud which avoids the sale at the suit of the heirs.    But this court holds that if this purchase was made by Weaver that appellant is entitled to be substituted to the claims of those creditors who have been paid by Weaver.

---

[1]

Where the equities of the complainant and defendant are equal, a court of chancery will not interfere. Lee *v.* Montgomery, 1 Walk. 109.

But in such cases will leave the parties to their remedies thereby. McAfee *v.* Lynch, 4 C. 257.

In such cases, however, if one party have also the legal title, and the circumstances be such that a court of equity may take cognizance of it, then the legal title will prevail. Coleman *v.* Rives, 2 C. 634; Hogan *v.* Burnett, 32 Miss. 617; Perkins *v.* Swank, 43 Miss. 349.

Appellees in this case have introduced the statement of Mrs. Weaver that she paid DeVan $10,000 for the land, and the statement of DeVan that he paid Weaver out of his own money for the land, and that he was the owner, and that Weaver had no interest in the purchase. This establishes what the conveyances on their face show, and if so, then DeVan and Mrs. Weaver are *bona fide* purchasers and are not tainted with any of the pretended frauds of Weaver, and can charge the land with the purchase money if applied to the discharge of debts. * * *.

If appellant is entitled to relief, are appellees entitled to rent from January 1, 1864?

We concede that they are for the time appellant had possession of the property, unless they are concluded by the judgment in the ejectment suit, and that they are so concluded we think can be shown beyond question.

The declaration in ejectment demands rent from the 17th of November, 1866, date of sale by administrator to institution of suit. * * *.

In Gains *v.* Kennedy, 53 Miss. 103–107, it is decided that the judgment in the ejectment suit is a bar to improvements and rents. The judgment covers not only what was proved in the first suit, but all that might have been established, and if the plaintiff omits to prove the value of the rents when he has sued for them, or if the defendant fails to prove the value of the improvements, they are each estopped by the judgment.

The declaration in the ejectment suit shows that rent from the 17th of November, 1866, was demanded, and if plaintiffs failed to prove for them, as they did not fail, but went into a full investigation, they will be estopped by the judgment.

Suppose plaintiffs were to sue now for the recovery of rents, there can be no question that the judgment in the ejectment suit would be a bar. If a bar to such an action, it is a bar in this suit. * * *

The value of the improvement was shown to be more than $7,500, and that without any improvement the land would have rented for nothing. The rent is not proven to be more than $1,200 a year by any witness. The proper estimate is $800. It cannot be supposed that the jury satisfied $7,500 of improvements with $1,600 or $2,400 of rent.

Defendant in the ejectment suit, appellant here, is estopped

to claim in this suit the value of improvements. The estoppel should be mutual, and if appellant is barred by the judgment in ejectment, as to the value of improvements, so should appellee be as to the amount of rent.   *   *   *

Appellant is entitled to interest on the amount of the price of the land, which was applied to the payment of debts. This is settled and will not be controverted.

We are also entitled to the amount of taxes paid, unless this was included in the ejectment suit.

Brief of Fred & F. M. Beall:

We think the opinion of the Supreme Court in this case, 59 Miss. 665, has been misconstrued by counsel for appellant.   *   *   *

It will be borne in the mind of the court that Mrs. Weaver was never a creditor of the estate of Joel Evans, but is the vendee of the purchaser at a void administrator's sale, and she does not occupy the attitude that Grant did in Grant v. Loyd, 12 S. & M. 191, or Drane in Silvey v. Simmons, 57 Miss. 712.

These two cases are clearly distinguishable from the one at bar. There was no fraud whatever in the inception of the claim of Grant against W. L. Loyd, the deceased. He had a valid, just claim against the estate, and so it was with Drane; he was a valid and just creditor of the estate of Simmons, and when this court came to pass on each of these cases, they set aside all acts down to where the fraud began.   *   *   *

It is evident that as a creditor Mrs. Weaver has no rights, for she is not and never was a creditor; so we repeat, this case is clearly distinguishable from Grant v. Loyd, and Silvey v. Simmons, and her case is to be decided by the rule declared in the following cases decided by this court: Short v. Porter, 44 Miss. 533; McGee v. Wallis, 57 Miss. 638; three cases in 53 Miss. 94 to 119.   *   *   *

All these cases, and especially Cole v. Johnson, Gains v. Kennedy, and Hill v. Billingsley, 53 Miss. 94 to 119, and McGee v. Wallis, 57 Miss. 638, place the right to recover on the "good faith of the purchaser" that he "genuinely paid his money honestly beleiving that he was getting a title to the land."

Chief Justice George, speaking for the court in McGee v. Wallis, on page 644, says: "The good faith must exist as a pre-

requisite to the right of the purchaser to demand compensation for improvements, and a restitution for the purchase money.    \* \* \*

As a matter of fact, she paid nothing at all. The only claim being that she stands in the shoes of her husband by virtue of the fact, that he made a deed to DeVan and DeVan made a deed to her. "The sale is to be treated just as if the purchase had been made by Weaver himself in his own name." Weaver *v.* Norwood, 59 Miss. 676.    \* \* \*

In a word, all the fraudulent conduct of Weaver is chargeable to her in this suit, as if she had been the actual participant, and his fraud is so glaring, that it is unnecessary to refer to facts and circumstances which evidence it.    \* \* \*

Simmon *v.* Brady, 56 Miss. 10, decides that a *bona fide* purchaser of a *mala fide* vendee at an administrator's sale will be protected. That is, if Mrs. Weaver was an innocent purchaser, then no infirmities in the title of DeVan or Weaver would vitiate her title.    \* \* \*

If she was not a purchaser for value, and in good faith, in no event could she be entitled to recover for improvements. Cole *v.* Johnson, 53 Miss. 95.    \* \* \*

But suppose it is true that they did say that while they could not recover for rents during the coverture of Mrs. Weaver, yet they could offset the rents against any improvements made; the proof shows that the rents far exceed the value of the improvements; the rents were worth for the thirteen years at least $13,000, and the proof shows the place to have been in no better condition when appellees recovered possession, than when Weaver took possession. It will not be forgotten that the place rented in 1866 for $1,600.    \* \* \*

Additional brief of Fred & F. M. Beall:
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

The verdict of the jury was for the plaintiffs in that suit, and it was, therefore, settled and adjudicated in that case:

1. That the sale by Weaver, administrator, to DeVan, was not in good faith.

2. That Mrs. Weaver was not a purchaser in good faith, but that her so-called purchase was but the consummation of a fraudulent scheme by Weaver to get possession of the land.

3. That Mrs. Weaver was not a purchaser for valuable consideration.

On page 676 in 59 Miss., this court say: "We think it is also shown that the sale to DeVan was not a real sale, nor he a *bona fide* purchaser, but that he bought at the instance of and as the agent of the administrator, and that the sale ought to be treated as if the purchase had been made by Weaver himself in his own name." *   *   *

*   *   *

She, without having paid anything whatever, claims to be the owner   of the claims, not of Weaver, but of Eckford & Weaver and Weaver, Starke & Co. firm assets, and seeks to have the land sold for her benefit, not for the benefit of Weaver or his creditors, nor for the benefit of Eckford & Weaver or Weaver, Starke & Co. or their creditors, but for her own benefit. By this she would be enabled to divert from the proper channel the assets of Eckford & Weaver, an insolvent firm, and in the consummation of the fraud upon the just creditors of Evans, also perpetrate a fraud upon the creditors of Eckford & Weaver.

The rights of the parties are to be considered, "now as they would be if the sale had never been made." 59 Miss. 680. *   *   *

R. Davis for appellees submitted a brief on the facts of the case.

OPINION.— COOPER, C. J., delivered the opinion of the court.

In 1866, the husband of appellant, at a sale made by himself as administrator of the estate of Evans, became the purchaser of the lands belonging to his intestate, taking title in the name of a third person who soon thereafter conveyed the land to the appellant. Weaver, the administrator, negotiated all the transactions, and was, as we have heretofore decided, the real owner of the property, taking title for purposes of his own in the manner indicated. Payment of the purchase money bid for the land at the sale was made by crediting the same as a payment on certain claims which two firms of which he was a member held against the estate of Evans. The amount of the bid was about $6,000.

Weaver, the administrator, and his wife, the appellant, remained in possession of these lands until 1876, when the heirs of Evans instituted an action of ejectment to recover the lands, and the mesne profits from the beginning of the year 1867. Weaver died in 1878, and the action was dismissed as to him, and in 1881

a judgment was rendered against the appellant in favor of the plaintiffs in said action.

In that suit, Weaver and wife, as a set-off to the rents demanded, filed their account for permanent and valuable improvements to the amount of some $8,000. The verdict of the jury was that the plaintiffs should recover the land and the sum of $750 for the rents of 1881.

Having been evicted from the land, the complainants exhibited this bill, praying that she might be substituted to the rights of the creditors whose debts against the estate were extinguished by the sale of the land.

It appears from the bill and the evidence in the cause that, by reason of depreciation in the value of the property, the land is now worth less than the sum at which it was sold; and several thousand dollars less than the fair rental value of it for the term for which it was held by Weaver under the probate sale. It will thus be seen that the rents of the property from 1867 to 1880, which far exceeded in amount the purchase price paid by Weaver, and to which the heirs-at-law of Evans were entitled, have been by Weaver's action invested in improving the property, which is now worth less than the sum expended.

The heirs have the land, worth less in its improved condition than their money, and against it Mrs. Weaver asserts a right to fix a charge for the debt of their ancestor. It is only by an appeal to equity that the complainant can establish any claim to the property. First, because she is not a creditor of the estate except by substitution in equity, and, secondly, that the debts to which she seeks substitution are long since barred by limitation, unless kept alive as an equitable charge on the lands. In this condition of things, she is not entitled to relief, for the land, if converted into money, would realize a sum less than the rents to which the heirs are entitled, and their equitable rights to their rents are as strong as hers to her debt. The equities being equal, a court of chancery will not lend its aid to defeat the legal advantage possessed by the heirs.

*Affirmed.*